IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BERTHA GREENE, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>  v.<br><br>CLEAN RITE CENTERS, LLC and LAUNDROMAX NEW ENGLAND, LLC,<br><br>      Defendants. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Bertha Greene ("Plaintiff"), by and through her attorneys, makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself and her counsel, which are based on personal knowledge, against Defendant Clean Rite Centers, LLC and Defendant LaundroMax New England, LLC ("LaundroMax" or "Defendants").

## NATURE OF THE ACTION

1. Defendants provide reloadable cash cards ("Laundry Cards") designed for use in laundry machines that are also provided by and serviced by Defendants.

2. This case seeks redress for Defendants' practice of misrepresenting the value of these Laundry Cards.

3. These Laundry Cards can be purchased and refilled at LaundroMax Card Stations.

4. Defendants' Laundry Cards include unfair and deceptive conditions that are only revealed to customers after the point of sale, or never revealed at all.

5. A new Laundry Card can be purchased from a Laundry Card Station for $3.

6. To fill the Laundry Card, users can use either cash or credit card but are not able to use coins.

7. When using a credit card, users can only add money in increments of $10.

8. The Laundry Cards can be filled with up to $80 at a time.

9. Defendants charge various fees for different size washer and dryers. Fee amounts currently consist of $16.99, $11.49, $7.59, and $5.59. These numbers are subject to change at Defendants' whim.

10. Neither $80 nor $10 are divisible by any of these amounts.

11. The implication of the possible prepayment amounts in conjunction with the price of laundry means that it is essentially guaranteed that the balance of a laundry card will never reach zero.

12. Defendants' Laundry Cards are non-refundable.

13. LaundroMax does not reveal the non-refundability of these remainder balances until after a customer has already committed to purchasing a Laundry Card.

14. The possible refill amounts are not random. They are calculated to always produce a remainder which Defendants then keep.

15. These remaining balances are thus unavailable to Laundry Card users and function as a hidden fee that is not disclosed to users.

16. This refund policy, in conjunction with Defendants' policies that result in users occasionally needing to purchase new cards cause LaundroMax customers to accumulate countless Laundry Cards with balances that are all inaccessible.

17. Even after the point of sale, Defendants do not reveal that the combination of their policies, the possible refill amounts, and the price of the laundry leads to inaccessible remainder balances on the Laundry Cards.

18. Thus, the policies that produce these balances that Defendants keep are not disclosed to customers clearly and conspicuously.

19. Massachusetts' M.G.L.A. 255D § 1 defines a "gift certificate" as:

> [A] writing identified as a gift certificate purchased by a buyer for use by a person other than the buyer not redeemable in cash and usable in its face amount in lieu of cash in exchange for goods or services supplied by the seller. A gift certificate shall include an electronic card with a banked dollar value, a merchandise credit, a certificate where the issuer has received payment for the full face value for the future purchase or delivery of goods or services and any other medium that evidences the giving of consideration in exchange for the right to redeem the certificate, electronic card or other medium for goods, food, services, credit or money of at least an equal value. A gift certificate shall not include pre-paid calling arrangements, as defined in section 1 of chapter 64H, or any electronic card usable with multiple unaffiliated sellers of goods or services.

20. Massachusetts' M.G.L.A. 200A § 5D requires that:

> A purchaser or holder of a gift certificate [as defined in section 1 of chapter 255D] which, by its terms, authorizes the purchaser or holder to add value thereto and which has been redeemed in part, such that the value remaining is $5.00 or less, shall make an election to receive the balance in cash or continue using the gift certificate. A gift certificate with a zero balance shall be void.

21. Laundry Cards are a gift certificate within the meaning of Massachusetts' M.G.L.A. 255D § 1.

22. In direct violation of Massachusetts law, Defendants' policies "authorize[] the purchaser or holder to add value [to Defendants Laundry Cards] and [after being] redeemed in part, such that the value remaining is $5.00 or less, [do not allows purchasers or holders to] make an election to receive the balance in cash or continue using the gift certificate." M.G.L.A. 200A § 5D.

23.  Defendants' advertisements claim that "Laundromax has completely transformed the laundry experience for discerning customers looking for efficiency, savings and superior customer service."[1]

24.  However, despite these assertions, social media is replete with complaints about the Defendants' practices that appear on this complaint. For example, on Yelp.com, "Douglas P." stated:

> [T]hey can't put [the Laundry Card Balance] on another card or refund it. The policy is, it's a donation to their struggling laundry business. [2]

25.  Another reviewer, "Melissa M." stated:

> Misleading because they over charger for the washer and the dryers don't even dry that well . For me personally I like coin op laundry and they kinda force you to use their card system.[3]

26.  These small balances add up. Defendants have distributed millions of these cards to Laundry Card users throughout the United States. Thus, Defendants have acquired at least millions of dollars in revenue to which they are not entitled.

27.  Plaintiff is a Laundry Card User who asserts claims on behalf of herself and similarly situated Laundry Card Users for unjust enrichment and violations of Mass. Gen. Laws Ch. 93A, *et seq*.

## PARTIES

28.  Plaintiff Bertha Greene is a citizen of Massachusetts who resides in Springfield, Massachusetts. Plaintiff Greene possesses an Unusable Laundry Card that contains a balance of

---

[1] https://laundromax.com/ (last accessed 1/13/2022)

[2] https://www.yelp.com/biz/laundromax-north-providence?osq=24+hour+laundromat (last accessed 1/14/2022)

[3] https://www.yelp.com/biz/tumbletown-laundromat-warwick?osq=24+hour+laundromat (last accessed 1/14/2022)

less than $5 that is inaccessible due to Defendants' policies. Plaintiff Greene also possesses a Laundry Card that she still uses that includes a balance of less than $5. The balance on her Laundry Card will never be able to reach zero by using Defendants' washing machines. Plaintiff Greene was not aware of Defendants' unfair and deceptive policies before she purchased the Laundry Cards.

29. Defendant Clean Rite Centers, LLC is a New York limited liability company with its principal place of business at 97-77 Queens Boulevard, Suite 620, Rego Park, New York 11374. Defendant Clean Rite Centers, LLC operates laundromats throughout the United States.

30. Defendant LaundroMax New England, LLC is a Massachusetts limited liability company with its principal place of business at 97-77 Queens Boulevard, Suite 620, Rego Park, New York 11374. Defendant Clean Rite Centers, LLC is the parent company of Defendant LaundroMax New England, LLC.

## JURISDICTION AND VENUE

31. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendants.

32. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants maintain their principal place of business in this district and a substantial portion of the events that gave rise to this cause of action occurred here.

33. This court has personal jurisdiction over Defendants because Defendants maintain their principal place of business in this district.

## CLASS REPRESENTATION ALLEGATIONS

34. Plaintiff seeks to represent a class defined as all persons in the United States who possess Laundry Cards that are maintained by Defendants (the "Class").

35. Plaintiff also seeks to represent a subclass defined as all Class members who reside in Massachusetts who possess Laundry Cards that are maintained by Defendants (the "Massachusetts Subclass").

36. Members of the Class and Massachusetts Subclass are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class and Massachusetts Subclass number in the hundreds of thousands. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third-party retailers and vendors.

37. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to whether Defendants' Laundry Card refund policies are false and misleading.

38. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendants' false and misleading marketing and promotional materials and representations, possesses Laundry Cards, and suffered a loss as a result of Defendants' possible prepayment amount and refund policies.

39. Plaintiff is an adequate representative of the Class and Subclass because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to

6

prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

40. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### Violation of the Massachusetts Unfair and Deceptive Business Practices Act, Mass. Gen. Laws Ch. 93A, *et seq.*

41. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

42. Plaintiff brings this claim individually and on behalf of the members of the Massachusetts Subclass against Defendant Clean Rite Centers, LLC.

43. Plaintiff brings this claim individually and on behalf of members of the Class and the Massachusetts Subclass against Defendant LaundroMax New England, LLC.

44. Section 2 of Chapter 93—the Massachusetts Unfair and Deceptive Business Practices Act ("MUDBPA")—prevents the use of "unfair or deceptive acts or practices in the conduct of any trade or commerce." An act is "deceptive" under Chapter 93A "if it could

reasonably be found to have caused a person to act differently from the way he otherwise would have acted." *Tagliente v. Himmer*, 949 F.2d 1, 7 (1st Cir. 1991).

45. Section 9 provides: "Any person … who has been injured by another person's use or employment of any method, act or practice declared to be unlawful by section two … may bring an action in the superior court … for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper … Any persons entitled to bring such action may, if the use or employment of the unfair or deceptive act or practice has caused similar injury to numerous other persons similarly situated and if the court finds in a preliminary hearing that he adequately and fairly represents such other persons, bring the action on behalf of himself and such other similarly injured and situated persons."

46. Pursuant to the definitions codified at Chapter 93A § 1, Defendants are "persons," and Defendants are engaged in "trade" and "commerce" in Massachusetts by offering for sale Laundry Cards that directly or indirectly affect the people of Massachusetts.

47. By engaging in the acts and omissions alleged above and incorporated herein, Defendants have engaged and continue to engage in unfair or deceptive acts or practices in the conduct of trade or commerce.

48. Defendants' misrepresentations deceive and have a tendency to deceive a reasonable consumer and the general public.

49. Defendants' acts and omissions are material, in that a reasonable person would attach importance to the information and would be induced to act on the information in making purchase decisions.

50. Defendants' conduct is also misleading in a material way because it fails to comport with Massachusetts' M.G.L.A. 200A § 5D, in that Defendants' policies authorize the purchaser or holder to add value to Defendants' Laundry Cards and after being redeemed in part,

such that the value remaining is $5.00 or less, do not allow purchasers or holders to make an election to receive the balance in cash or continue using the gift certificate.

51. M.G.L.A. 200A § 5D was enacted to protect purchasers or holders of gift certificates from deceptive and confusing business practices.

52. Plaintiff and members of the Class and the Massachusetts Subclass were injured as a result because they (a) spent money to fill up their Laundry Card, and (b) were charged a hidden fee in the form of a balance that was essentially impossible to access.

53. Mass. Gen. Laws Ch. 93A, *et seq.* represents a fundamental public policy of the Commonwealth of Massachusetts.

54. For each loss, Plaintiff and each member of the Classes may recover an award of actual damages or twenty-five dollars, whichever is greater. Ch. 93A § 9(3).

55. Because Defendants acted willfully or knowingly, Plaintiff and each member of the Classes may recover up to three but not less than two times this amount. In addition, Plaintiff may recover attorneys' fees and costs.

56. Plaintiff and the members of the Classes may also pray for the imposition of injunctive relief which limits and polices Defendants' representations within or reaching Massachusetts. The balance of the equities favors the entry of permanent injunctive relief against Defendants. Plaintiff, members of the Classes, and the general public will be irreparably harmed absent the entry of permanent injunctive relief against Defendants. Plaintiff, members of the Classes, and the general public lack an adequate remedy at law. A permanent injunction against Defendants is in the public interest. Defendants' unlawful behavior is capable of repetition or re-occurrence absent the entry of a permanent injunction.

57. In accordance with Mass. Gen. Laws Ch. 93A, § 9(3), Plaintiff's counsel served Defendants with written notice of their violation of Ch. 93A and a demand for relief on January

26, 2022. Defendants' written tender of settlement denied any and all wrongdoing. The amount was wholly unreasonable in relation to the injury suffered by Plaintiff and failed to make Plaintiff and the Class and Massachusetts subclass whole. A true and correct copy of Plaintiff's letter is attached hereto as **Exhibit 1.**

## COUNT II
## Unjust Enrichment

58. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

59. Plaintiff brings this claim individually and on behalf of members of the Class and the Massachusetts Subclass against Defendants.

60. Plaintiff and Class members conferred benefits on Defendants by paying money to Defendants in the form of adding prepayments to their Laundry Cards.

61. Defendants have knowledge of such benefits.

62. Defendants have been unjustly enriched in retaining the revenues derived from Plaintiff's and Class members' Laundry Card balance remainders. Retention of those moneys under these circumstances is unjust and inequitable because Defendants did not disclose that their prepayment and refund policies were structured in way that maximized the balance remainders and then made these balances impossible to access by not providing refunds.

63. Because Defendants' retention of the non-gratuitous benefits conferred on them by Plaintiff and Class members is unjust and inequitable, Defendants must pay restitution to Plaintiff and the Class members for their unjust enrichment, as ordered by the Court.

## RELIEF DEMANDED

64. WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

a. For an order certifying the nationwide Class and the Massachusetts Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and the Massachusetts Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and the Massachusetts Subclass members;

b. For an order declaring that Defendants' conduct violates the statutes referenced herein;

c. For an order finding in favor of Plaintiff, the nationwide Class, and the Massachusetts Subclass on all counts asserted herein;

d. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For an order of restitution and all other forms of equitable monetary relief;

g. For an order enjoining Defendants from continuing the illegal practices detailed herein and compelling Defendants to undertake a corrective advertising campaign; and

h. For an order awarding Plaintiff and the Class and Massachusetts Subclass their reasonable attorneys' fees and expenses and costs of suit.

### JURY TRIAL DEMANDED

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims so triable.

Dated: March 29, 2022            Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ Philip L. Fraietta*
     Philip L. Fraietta

Philip L. Fraietta
Julian C. Diamond
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
E-Mail: pfraietta@bursor.com
            jdiamond@bursor.com

*Attorneys for Plaintiff*